## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEY OUTDOOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3233 |
| | ) | |
| CITY OF SPRINGFIELD and | ) | |
| MID-AMERICA | ) | |
| ADVERTISING MIDWEST, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion of Defendant, Mid-America Advertising Midwest, Inc. (Mid-America), Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss First Amended Complaint (d/e 16).  For the reasons set forth below, the Motion is ALLOWED.  The claims against Mid-America are dismissed.  The Court also notes problems with its jurisdiction to hear this matter based on the current allegations, but Plaintiff Key Outdoor, Inc. (Key), is given leave to replead to address this jurisdictional problem.

1

<u>STATEMENT OF FACTS</u>

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Key.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that Key cannot prove any set of facts that would entitle it to relief.  <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).

Key alleges that it maintains billboards located within the Defendant City of Springfield (City).  One such billboard (Billboard) was located at 4685 Wabash (Location).  Some time after 1989, the City assigned a new address to the Location.  The new address was 4705 Wabash.  On March 12, 2006, a tornado destroyed the Billboard.  On April 28, 2006, representatives of the City's Building and Zoning Department sent Key a letter indicating that the City would issue a building permit to Key to rebuild the destroyed Billboard.  On May 8, 2006, the City issued the building permit to Key.

Key alleges that the City also wrongfully issued a building permit to

the owner of the Location.  Key does not allege the nature of its property interest in the Location or its legal relationship with the owner of the Location that entitles it to construct or maintain the Billboard at the Location.  Key also alleges that the City subsequently issued a building permit to Mid-America, to build a set of billboards at the Location.  The permit issued to Mid-America violated the City's ordinances in a number of ways, according to Key.  The City then wrongfully voided Key's building permit.  The City did not give Key notice or a hearing before voiding the permit.  The City then, later, gave Key an allegedly unfair hearing before a biased decision-maker.  Key alleges that it suffered injuries as a result of these actions.

## ANALYSIS

Key asserts five claims based on these allegations: the City denied Key its property interest in the building permit without due process (Count I); Key is entitled to specific performance on the City's contractual obligation to issue the building permit to Key (Count II); Key is entitled to a writ of mandamus to order the City to issue the building permit to Key and to revoke the building permit currently held by Mid-America (Count III); the City is estopped, due to its wrongful conduct and misrepresentations to Key,

from denying the validity of Key's permit; Key is entitled to a writ of mandamus to order the City to issue the building permit to Key and to revoke the building permit currently held by Mid-America (Count IV); and the City violated Key's rights to property and, pursuant to 42 U.S.C. § 1983, and Key is entitled to a writ of mandamus to order the City to issue the building permit to Key and to revoke the building permit currently held by Mid-America (Count V).[1]

Mid-America moves to dismiss the claims against it.  Key does not allege any wrongful conduct by Mid-America.  Key only asks the Court to order the City to revoke Mid-America's permit for the set of billboards Mid-America has constructed at the Location.  Key asks for this remedy in the form of a writ of mandamus in Counts III, IV, and V.  To state a claim for a writ of mandamus, Key must allege that it has a clear right to the relief sought, a clear duty on the part of the respondent to act, and clear authority in the respondent to comply with the writ.  Noyola v. Board of Educ. of the City of Chicago, 179 Ill.2d 121, 133, 688 N.E.2d 81, 86 (Ill. 1997).  The

---

[1]Key did not number its Counts in the First Amended Complaint.  Mid-America numbered the Counts in its Memorandum (d/e 17).  Key adopted the numbering in its Response to the Motion (d/e 19).  The Court, similarly, adopts the numbering in this Opinion.

respondent must not have any authority to exercise any discretion in deciding whether to perform the act sought to be ordered by the writ. <u>Lewis E. v. Spagnolo</u>, 186 Ill.2d 198, 229, 710 N.E.2d 798, 813 (Ill. 1999). Key alleges that the issuance of the permit to Key is a ministerial act over which the City has no discretion. <u>First Amended Complaint (d/e 11)</u>, ¶ 23.

The remedy sought against Mid-America, however, is not the issuance of a permit to Key, but the revocation of Mid-America's permit. Key does not allege that the revocation of Mid-America's permit is a ministerial act over which the City has no discretion. Key only alleges that Mid-America's permit violates City ordinances. The City generally has discretion to decide whether and how to enforce its ordinances. <u>See</u> <u>McClaughry v. Village of Antioch</u>, 296 Ill.App.3d 636, 644-45, 695 N.E.2d 492, 500 (Ill.App.2d Dist. 1998). Key, therefore, fails to state a claim for the mandamus relief sought against Mid-America to revoke its permit.[2] Key seeks no other relief against Mid-America. The claims against Mid-America are, therefore, dismissed.

---

[2]Key also alleges that the holder of a permit has a property interest in the permit and has a due process right to notice and a hearing before the permit can be voided. <u>First Amended Complaint</u>, ¶ 21. If so, then Mid-America has a property interest in its permit and right to notice and a hearing before a permit may be revoked. Such a right to due process means that Key does not have a clear right to have the permit revoked at this time. A clear right to relief is necessary for mandamus relief.

Key's current Complaint also fails to allege facts to show that it has properly invoked this Court's jurisdiction.  If the Court identifies a jurisdictional issue, it must raise the issue <u>sua</u> <u>sponte</u>.  <u>Hay v. Indiana State Bd. of Tax Com'rs</u>, 312 F.3d 876, 879 (7th Cir. 2002).  Key invokes this Court's subject matter jurisdiction by virtue of its civil rights' claims in Counts I and V.  Normally, civil rights' liability is imposed personally on the individual who committed the civil rights' violation.  <u>See</u> <u>Auriemma v. Rice</u>, 957 F.2d 397 (7th Cir. 1992).  The City is generally not liable for the civil rights' violations of its employees.  <u>See</u> <u>e.g.</u>, <u>Gable v. City of Chicago</u>, 296 F.3d 531, 537 (7th Cir. 2002).  Key has not alleged a basis for the City's liability for the alleged civil rights' violations.  Absent some basis for municipal liability on Key's civil rights' claims, this Court lacks subject matter jurisdiction.  Key is given leave to file an amended complaint to address this jurisdictional deficiency.[3]

THEREFORE, the Motion of Defendant, Mid-America Advertising

---

[3]Key also does not allege its relationship to the owner of the Location.  It is unclear to the Court how Key would have a clear right to enter onto the Location and replace the Billboard unless it has an interest in the property in the Location (such as an easement or lease) or a contract with the owner of the Location that entitles it to construct and maintain billboards at the Location.  Absent a clear right from the owner to enter onto the Location, it is unclear how Key would have a clear right to relief that would entitle it to a writ of mandamus.  This matter should also be clarified in the amended pleadings.

Midwest, Inc., Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss First Amended Complaint (d/e 16) is ALLOWED. The claims against Mid-America Advertising Midwest, Inc. are dismissed. Plaintiff Key Outdoor, Inc., is further directed to file an amended complaint by April 2, 2007, to address the jurisdictional deficiencies in the current First Amended Complaint (d/e 11).

IT IS THEREFORE SO ORDERED.

ENTER:   March 13, 2007.

FOR THE COURT:

　　　　　  s/  Jeanne E. Scott　　　　
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE